SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 04 2011 ★
BROOKLYN OFFICE

| | | |
|---|---|---|
| DEBORAH CARR<br><br>Plaintiff<br><br>vs.<br><br>NATIONAL CREDIT WORKS, INC.<br><br>Defendant | ) | Case Number<br><br>CV11-3864<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

AMON, CH.J.

GO, M.J.

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Deborah Carr, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Deborah Carr, is an adult natural person and brings this action for actual and statutory damages and other relief against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as violations and of New York General Business Law §349.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Deborah Carr, is an adult natural person residing in Glendale, New York 11385. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Credit Works, Inc., ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of New York and the Commonwealth of Virginia with its principal place of business located at 4490 Holland Office Park Suite 103, Virginia Beach, Virginia 23452.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about July 26, 2011, Plaintiff started to receive calls from Defendant's agent, "Ms. Joffrion", collecting on a debt allegedly owed on an Aspire Card account.

8. Plaintiff has no knowledge of the debt that the Defendant is attempting to collect on.

9. Plaintiff asked Defendant's agent, "Ms. Joffrion", to send her something in writing to validate the debt.

10. Defendant's agent, "Ms. Joffrion", stated that they had been sending the Plaintiff notices for months and they were not going to send her anything else.

11. Plaintiff asked to verify the address that the Defendant had been sending the letters to.

12. Plaintiff informed the Defendant that she had moved from the address the Defendant's had over five (5) years ago.

13. Defendant's agent, "Ms. Joffrion", said that it did not matter the Plaintiff she still owes the debt.

14. Plaintiff again asked for validation to be sent regarding this debt.

15. Defendant informed the Plaintiff that it would take over one hundred (100) days to get a validation to her and by that time this account would have already been sent to the courts.

16. Defendant informed the Plaintiff that she owed a balance of approximately $1,500.00.

17. Plaintiff was offered a settlement amount of $700.00.

18. Plaintiff asked for the settlement documentation in writing.

19. Defendant's agent, "Ms. Joffrion", offered to e-mail to settlement to the Plaintiff.

20. Plaintiff ended the call.

21. Defendant sent the Plaintiff a notice confirming the $700.00 settlement offer. **See "EXHIBIT A" (settlement offer) attached hereto.**

22. Defendant's notice however, increased the balance due tot $1,576.87.

23. Plaintiff was to pay the settlement no later than August 1, 2011.

24. Defendant's notice also listed that the account that they were collecting on was a First Bank of Delaware account.

25. Defendant had stated that they were collecting on an Aspire Card account.

26. Plaintiff was confused and called the Defendant back.

27. Plaintiff was transferred to a "Ms. Reid", who said she was now handling the Plaintiff's account.

27. Plaintiff wanted to know why the balance due and the account the Defendant was collecting on had changed.

28. Defendant acknowledged that the wrong letter had been sent to the Plaintiff.

29. During that same phone call, Defendant's agent, "Ms. Reid", told the Plaintiff that if she did not make a payment that the Defendant would garnish her wages.

30. Plaintiff informed Defendant's agent, "Ms. Reid", that she was living off of unemployment and could not afford to make a payment at this time.

31. Defendant told the Plaintiff that the Defendant could garnish Plaintiff's unemployment.

32. Defendant went on to threaten the Plaintiff with a judgment if she did not agree to the settlement offer.

33. Plaintiff was told that she had until 7:00 pm that evening to accept the Defendant's settlement or they would involve the courts the next morning by 9:00 am.

34. Despite not being able to afford such a large payment, out of fear of being sued the Plaintiff gave the Defendant her checking account information and gave the Defendant permission to withdrawal the money from her personal account.

35. On that same afternoon, Defendant sent a second e-mail to the Plaintiff confirming the original creditor was Aspire Card. **See "EXHIBIT B" (settlement offer) attached hereto.**

36. On or about July 29, 2011, Plaintiff spoke with Defendant and told them that she would need to stop the automatic withdrawal that she had set up.

37. Defendant's agent became irate and told the Plaintiff that she could not do that because she would end up in a lot of trouble.

38. Defendant threatened to freeze the Plaintiff's assets if she did not make the payment.

39. Before ending the call, Defendant's agent laughed at the Plaintiff and assured her that she would be sued and the Defendant would win.

40. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

41. The Defendant acted in a false, deceptive, misleading and unfair manner by their means of coercing Plaintiff to pay this debt.

42. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

43. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

44. At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

45. As a result of the Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

**COUNT I - FDCPA**

46. The above paragraphs are hereby incorporated herein by reference.

47. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

48. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in garnishment or attachment |

| | |
|---|---|
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant, National Credit Works, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## Violations of New York General Business Law §349

49 Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

50. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

51. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

52 As a direct and proximate result of Defendant's, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, National Credit Works, Inc., and Order the following relief:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: July 29, 2011**

**BY:** ____________________

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800 Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff

# EXHIBIT "A"

# National Credit Works Inc.



4490 Holland Office Park Suite 103
Virginia Beach, Virginia 23452
Toll Free: 1-866-304-7249
Local: 757-777-0333
Fax: 757-961-9950



**July 26, 2011**

**Deborah Carr**
**6915 66th Pl.**
**Glendale, NY 11385**

**Original Creditor: Tribute Mastercard/ First Bank of Delaware**
**Current Creditor: National Credit Works Inc.**
**Original Account: 4106 3600 0462 9542**
**Balance: $1,576.87**
**File: 202813**

Dear Mrs. Carr,

Please be advised that our office has made the decision to offer you an opportunity to close your delinquent account. The settlement offer shall be in the total amount of $700.00.

This settlement offer will expire unless we receive your payment of $700.00 on or before 8/1/11.

If you fail to comply with the above terms this office may, without further notice, declare the entire balance due and proceed accordingly. Upon clearance of funds the above referenced account will be considered satisfied, and your credit file will be updated, if applicable.

If you have any questions relative to the above referenced settlement, please do not hesitate to contact our office toll free at 1-866-231-8999 Monday through Thursday 8:00am - 9:00pm EST and Friday 8:00 am - 4:30 pm EST. Please refer to the file number indicated above.

When you provide a check as payment, you authorize us either to use information from your check to make a one time electronic fund transfer from your account or to process the payment as a check transaction.

Federal law requires we notify you that this communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

National Credit Works Inc.

# EXHIBIT "B"

# National Credit Works Inc.



4490 Holland Office Park Suite 103
Virginia Beach, Virginia 23452
Toll Free: 1-866-304-7249
Local: 757-777-0333
Fax: 757-961-9950



**July 26, 2011**

**Deborah Carr**
**6915 66th Pl.**
**Glendale, NY 11385**

**Original Creditor: Columbus Bank and Trust/ Aspire Card**
**Current Creditor: National Credit Works Inc.**
**Original Account: 4106 3600 0462 9542**
**Balance: $1,576.87**
**File: 202813**

Dear Mrs. Carr,

Please be advised that our office has made the decision to offer you an opportunity to close your delinquent account. The settlement offer shall be in the total amount of $700.00.

This settlement offer will expire unless we receive your payment of $700.00 on or before 8/1/11.

If you fail to comply with the above terms this office may, without further notice, declare the entire balance due and proceed accordingly. Upon clearance of funds the above referenced account will be considered satisfied, and your credit file will be updated, if applicable.

If you have any questions relative to the above referenced settlement, please do not hesitate to contact our office toll free at 1-866-231-8999 Monday through Thursday 8:00am - 9:00pm EST and Friday 8:00 am - 4:30 pm EST. Please refer to the file number indicated above.

When you provide a check as payment, you authorize us either to use information from your check to make a one time electronic fund transfer from your account or to process the payment as a check transaction.

Federal law requires we notify you that this communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

National Credit Works Inc.